# SUPREME JUDICIAL COURT

### FOR THE

## COUNTY OF BERKSHIRE, AT LENOX,
## SEPTEMBER TERM 1858.

PRESENT :

HON. LEMUEL SHAW, CHIEF JUSTICE.
HON. CHARLES A. DEWEY,
HON. THERON METCALF,
HON. BENJAMIN F. THOMAS, } JUSTICES.
HON. PLINY MERRICK,

---

COMMONWEALTH *vs.* DANIEL R. COLTON.

It is no objection to an indictment purporting to have been found at a court begun and holden "on the first Monday of January," that in fact the grand jury was not empanelled until the next day.

An indictment averring that two persons at a certain time and place "was a common seller of intoxicating liquors," is sufficient to sustain a conviction of the first after a *nolle prosequi* has been entered as to the second.

INDICTMENT found " at the court of common pleas begun and holden at Lenox within and for the county of Berkshire on the first Monday of January in the year of our Lord one thousand eight hundred and fifty eight," against Daniel R. Colton and Rhoda Colton, averring that they at Otis on the 1st of January 1857, "and at said Otis from said last mentioned day to the

day of finding this indictment, without then and there having
any license, appointment or authority therefor, first duly had
and obtained according to law, was then and there a common
seller of intoxicating liquors."

The district attorney discontinued against Rhoda. At the
trial before *Aiken*, J., Daniel objected to the indictment on the
ground that the grand jury was not in fact empanelled and
sworn until the day after that on which the indictment accord-
ing to its caption purported to be found. But the court over-
ruled the objection.

The defendant further objected to the indictment as not
charging any offence with sufficient certainty. But this objec-
tion was overruled, and the defendant was convicted and alleged
exceptions.

*J. E. Field & M. Wilcox*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

MERRICK, J. It is insisted on behalf of the defendant that the
indictment ought to be dismissed as an illegal and void present-
ment, or that judgment on the verdict against him should be
arrested, because it is in the caption recited that it was found
" at the court of common pleas begun and holden at Lenox
within and for the county of Berkshire on the first Monday of
January in the year of our Lord one thousand eight hundred
and fifty eight," when it was in fact shown at the trial that the
grand jurors by whom it was returned into court were not sworn
or empanelled until Tuesday, the day next ensuing, which was
the second day of the term. This claim is preferred upon the
assumption that the recital in the caption of the indictment is
in all cases to be taken as a precise designation of the time
when the grand jury acted in relation to the subject matter of
it, and reduced to form the accusation contained in it against
the defendant. But this is a mistake. Such an assumption is
indefensible, in view both of former decisions of this court, and
of the proper interpretation to be given to the words and lan-
guage of the recital. In the case of *Commonwealth* v. *Gee*, 6
Cush. 174, it was held, that an indictment might be returned for
an offence committed previously to the finding of the bill, though

after the commencement of the term of the court at which the bill was returned. Whether it would in such case be necessary to state in the caption the continuance of the court by adjournment from day to day until after the time of the commission of the alleged offence no opinion was expressed. But afterwards, in the case oi *Commonwealth* v. *Stone,* 3 Gray, 453, it was determined, that an indictment which purported in its caption to have been found on the first day of the term, but charged an offence of a later date, might be shown by reference to the clerk's certificate indorsed upon it to have been returned into court subsequently to that time. And this is in strict conformity to the plain and obvious meaning of the words in which the recital in the caption is expressed. It does not purport to show the day when, but rather the term of the court during which, the grand jury made their presentment. It is the well known practice and course of procedure in this commonwealth, of which all our courts will take notice, that the grand jury, after being duly empanelled, proceed to perform the duties devolving upon them, and continue to take cognizance and make presentments of all crimes and offences within their jurisdiction during all such portion of the session of the court as shall be found necessary to complete their investigations. Their presentments are all made severally as of that time. If it becomes essential or important for any purpose to ascertain the exact time when any particular bill is returned into court, recurrence may be had to the official certificate of the clerk by which it is designated ; and this will remove all the uncertainty which might possibly arise by looking only to the recital in the caption. This makes it apparent that the objection taken by the defendant to the validity of the indictment is wholly unfounded. There is a perfectly legal mode in which it may be shown that there was no action of the grand jury until after the oath required by law had been duly administered to each of the jurors, and they had all been legally qualified to enter upon the discharge of their duties. The indictment therefore ought not to be dismissed nor judgment upon the verdict arrested.

2. If it could ever have been considered that on account

of the suggested grammatical error, there was any force in the objection concerning the alleged uncertainty and imperfection in the allegations of the indictment in reference to the charges against the two defendants named in it, it is certainly obviated by its discontinuance against one of them. It is now prosecuted against Daniel R. Colton alone ; and the allegations as against him are certainly sufficiently direct and explicit.

*Exceptions overruled.*